United States District Court
Southern District of Texas
**ENTERED**
June 26, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF WEEKS MARINE, | § | |
| INC. AND ATLANTIC SOUNDING | § | |
| CO., INC., AS OWNERS AND | § | Case No. 4:24-cv-00088 |
| OPERATORS OF THE DAVID P, | § | |
| FOR EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## <u>MEMORANDUM AND ORDER</u>

This is a limitation of liability proceeding under maritime law.[1] Claimant Brandon Ducker ("Ducker") has moved to dissolve the limitation injunction on his personal injury case in state court. Clmt.'s Mot. to Dissolve, ECF No. 16. Petitioners Weeks Marine, Inc., and Atlantic Sounding Co., Inc., ("Petitioners") oppose lifting the stay and instead move to bifurcate the limitation proceeding. Pet'rs' Mot. to Bifurcate, ECF No. 18. Having thoroughly reviewed the briefing[2] and the applicable law, the Court concludes that Ducker, as the sole claimant, has entered a stipulation sufficient to protect Petitioners' rights and allow his case to proceed in state court. Ducker's motion to dissolve the limitation injunction, ECF No. 16, will be granted,

---

[1] The district judge to whom this case is assigned referred the case to this Court pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 19. Motions to lift injunctions or bifurcate are non-dispositive and appropriate for resolution through issuance of an order. *See In re River Constr. Inc.*, No. 4:22-CV-2413, 2022 WL 18931873, at *1 n.1 (S.D. Tex. Dec. 14, 2022), *adopted in part, rejected in part*, 2023 WL 3035367 (S.D. Tex. Mar. 17, 2023) (motion to lift injunction); *Mahoney v. Ernst & Young LLP*, 487 F. Supp. 2d 780, 797 (S.D. Tex. 2006) (motion to bifurcate).

[2] Petitioners also filed a response to Ducker's motion. ECF No. 17.

1

and Petitioners' motion to bifurcate, ECF No. 18, will be denied.

## Background

Petitioners allege that they own and operate the vessel *David P*, a survey boat valued at $600,000. ECF No. 1 ¶¶ 2-5. Petitioners previously employed Ducker to work aboard the vessel. *Id.* ¶ 5. On June 18, 2023, Ducker was injured aboard the vessel while performing his duties. *Id.* Ducker filed suit against Petitioners in state court for negligence, unseaworthiness, and maintenance and cure, seeking $100 million in damages. *Id.* ¶ 6. Petitioners subsequently filed this limitation proceeding and moved to establish a limitation fund and enjoin all related litigation. *See* ECF Nos. 1, 3, 4. Petitioners stipulated that the value of the vessel and freight is $600,000. ECF No. 2. The Court granted Petitioners' unopposed motion on January 10, 2024, thereby enjoining Ducker's state court lawsuit. *See* Order, ECF No. 6.

Ducker timely filed his claim and answer in response to Petitioners' limitation complaint, asserting various defenses and contesting the stipulated value of the vessel. ECF No. 10. Ducker now moves to dissolve the limitation injunction on his state court case. ECF No. 16. Attached to the motion are stipulations stating that he will not seek to enforce any judgment greater than $600,000 against Petitioners until this Court has adjudicated all issues pertaining to limitation of liability. ECF No. 16-1 at 1. Petitioners oppose that motion and seek to resolve all limitation issues first by bifurcating this proceeding. ECF Nos. 17, 18.

2

## Analysis

**A.     The Limitation of Liability Act and the Saving to Suitors Clause.**

The Limitation of Liability Act ("Act") allows shipowners to "bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30511(a); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446-47 (2001) (summarizing history and purpose of the Act). The Act limits the liability for vessel-related claims to "the value of the vessel and pending freight" under certain circumstances. 46 U.S.C. § 30523. When a shipowner files a limitation proceeding action under the Act, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c); *accord* FED. R. CIV. P. SUPP. R. F(3). "Accordingly, after a limitation action is filed, the limitation court stays all related claims against the shipowner pending in any forum and requires all claimants to timely assert their claims in the limitation court." *In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 970 (5th Cir. 2022) (cleaned up).

District courts have exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors* in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1) (emphasis added). Courts have interpreted this "saving to suitors" clause as providing "concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis*, 531 U.S. at 445. The Supreme Court has thus recognized that "[s]ome tension exists between the saving

to suitors clause and the Limitations Act" where a claimant and a shipowner attempt to proceed in different fora. *Id.* at 448. In resolving that tension, the Fifth Circuit has held that "the district court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *In re N&W*, 31 F.4th at 971 (quoting *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996)).

The Fifth Circuit therefore recognizes "two instances in which a district court must allow a state court action to proceed" and dissolve a limitation injunction:

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Id.* (emphasis in original) (quoting *Odeco*, 74 F.3d at 674). If all claimants submit stipulations to adequately protect a shipowner's rights under the Act, then the district court abuses its discretion if it fails to lift the stay against proceedings in other forums. *Id.* at 972 (citing *In re Tetra Applied Techs. L P*, 362 F.3d 338, 343 (5th Cir. 2004); *see also In re Two "R" Drilling Co., Inc.*, 943 F.2d 576, 578 (5th Cir. 1991).

## B.   Ducker Is the Sole Claimant and His Proffered Stipulations Adequately Protect Petitioners' Rights Under the Act.

Ducker submits of copy of his stipulations regarding limitation of liability and asks the Court to lift the injunction on his state court case. *See* ECF Nos. 16, 16-1.

Ducker argues that he is the sole claimant in this action and no additional stipulations are necessary. ECF No. 16-2 at 3. The record reflects that no other claimants have filed claims in this proceeding, *see* ECF No. 10, and Petitioners do not dispute this issue, *see* ECF No. 17 at 2. Thus, the primary question before the Court is whether Ducker's proffered stipulations are adequate.

The leading treatise on admiralty law offers the following guidance on the required contents for stipulations to dissolve an injunction under the Act:

> In order to ensure that the shipowner's rights are not prejudiced, the claimant commonly must file protective stipulations with the district court before the injunction will be dissolved: (1) that any determination by the state court bearing on limitation of liability will not be granted *res judicata* effect; (2) that claimant will not seek to enforce liability greater than the limitation fund until the limitation action is determined by the federal court; and (3) that the district court has exclusive jurisdiction to determine all issues concerning the right of the shipowner to limit liability.

2 Thomas J. Schoenbaum, Admiralty and Maritime Law § 15:7 (6th ed. 2023); *see also Odeco*, 74 F.3d at 673-74 & n.4 (listing same requirements); *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1576 & n.1 (5th Cir. 1992) (approving similar stipulations even where claimants "specifically reserve their right to challenge in this court the value of the limitation fund"). The stipulation attached to Ducker's motion contains the following language:

> 1. This Court has continuing, exclusive jurisdiction to determine all issues related to the petitioners' statutory right to limit their liability under the Limitation of Liability Act and, relatedly, the proper value of the limitation fund. However, the claimant expressly reserves his right

to deny and contest in this Court *all* assertions and allegations made by the petitioners in their live limitation complaint;

2. Ducker waives any claim of *res judicata* relevant to the issue of limitation of liability based on any judgment that may be rendered in any other federal or state court;

3. In the event that limitation is granted, the claimant will not seek to enforce any judgment against the petitioners that exceeds the value of the limitation fund as determined by this Court ($600,000) pending the adjudication of the petitioner's limitation complaint; and

4. Petitioners are entitled to and have the right to litigate all issues relating to limitation of liability in this Court. Yet, Ducker specifically reserves the right to deny and contest in this Court all assertions and allegations made by Petitioner in its Complaint for Exoneration From or Limitation of Liability.

ECF No. 16-1 at 1 (footnoted omitted) (emphasis in original). Ducker further notes that after the injunction is lifted, if he receives a judgment less than the limitation fund, then the Court need not decide any other issues in this proceeding. *Id.* at 1 n.1. The Court finds Ducker's stipulations to be substantially identical to those approved of in other limitation actions. *See, e.g.*, *Magnolia Marine*, 964 F.2d at 1576 n.1.

In response, Petitioners object to the proffered stipulations as insufficient on two grounds. First, Petitioners insist that Ducker must "stipulate that he is similarly waiving any issue preclusion, defense or argument, such as collateral estoppel." ECF No. 17 at 4. Petitioners cite no Fifth Circuit case law in support. Instead, Petitioners rely on *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1044 (11th Cir. 1996). However, it is well-established that the doctrine of *res judicata* encompasses both concepts of "(1) true res judicata or claim preclusion and (2) collateral estoppel

or issue preclusion." *Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (quotation omitted). In other words, Ducker need not separately stipulate to waiving issue preclusion as *res judicata* already includes that concept. Moreover, even if *Beiswenger* was binding authority, that case merely reiterates that the stipulation "to waive any res judicata effect . . . must not be interpreted too narrowly." 86 F.3d at 1044. As noted, the Court interprets Ducker's waiver broadly to include both concepts of claim and issue preclusion.

Petitioners next argue that Ducker's affirmative defenses asserted in this action are inconsistent with his stipulation. ECF No. 17 at 4. In his answer, Ducker "specifically reserves the right to contest the stated value of the vessel" and whether Petitioners are entitled to limitation of liability under the Act. ECF No. 10 at 4-5. In his stipulation, Ducker likewise "reserves his right to deny and contest in this Court" everything Petitioners have alleged in their complaint. ECF No. 16-1 at 1. Ducker also stipulates that all issues pertaining to limitation of liability shall be decided by this Court, and that he "will not seek to enforce any judgment" in excess of $600,000 "pending the adjudication of the petitioner's limitation complaint." *Id.* Petitioners argue that this language differs from what the Fifth Circuit requires, *i.e.*, that the claimant "will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." ECF No. 17 at 4 (quoting *Odeco*, 74 F.3d at 674). Petitioners cite no

7

other authority in support. The Court perceives no material difference between the language in *Odeco* and Ducker's stipulation. Courts routinely approve such language contesting the alleged value. *See, e.g.*, *Magnolia Marine*, 964 F.2d at 1576 n.1. To the extent that any difference does exist, the language of Ducker's stipulation is what matters, not the earlier allegations in his answer. Regardless, so long as this Court is the one that decides those issues, Petitioners' rights are adequately protected.

Petitioners' arguments are thus unpersuasive. Because Ducker has entered stipulations adequate to protect Petitioners' rights under the Act, the Court must lift the limitation injunction and allow Ducker's state court case to proceed. *See In re N&W*, 31 F.4th at 972; *In re Tetra*, 362 F.3d at 343.

## C.   Petitioners' Motion to Bifurcate Is Denied as Moot.

Contemporaneous with their response to Ducker's motion, Petitioners also move to bifurcate the limitation proceeding and resolve all limitation issues first. ECF No. 18. Petitioners insist that courts "have recognized that bifurcation is 'the preferred method' of resolving the competing interests" presented here. ECF No. 17 at 5 (quoting *In re Orion Marine Constr., Inc.*, No. 2:21-CV-4, 2021 WL 2779115, at *3 (S.D. Tex. July 2, 2021)). Petitioners then cite numerous instances where courts have bifurcated limitation proceedings. *See id.* at 3-5. However, because the Court grants Ducker's motion, Petitioners' motion to bifurcate is moot.

Moreover, Petitioners overlook the fact that none of the cited cases involve a

single claimant who entered the required stipulations to proceed with suit in state court. Indeed, one case Petitioners rely on expressly notes that "for a state court proceeding to occur simultaneously with a federal court proceeding, all claimants must enter stipulations to protect the rights of the shipowner under the Limitation Act." *In re Intracoastal Tug & Barge Co. LLC*, No. 4:20-CV-3152, 2021 WL 5104533, at *2 n.1 (S.D. Tex. Nov. 2, 2021) (citing *Odeco*, 74 F.3d at 675). In contrast, bifurcation is apparently the "preferred method" in situations involving multiple claimants, an insufficient limitation fund, or where "no stipulation has been executed by the claimants" on limitation issues. *In re Orion Marine Constr., Inc.*, 2021 WL 2779115, at *3; *accord In re Intracoastal*, 2021 WL 5104533, at *2 (S.D. Tex. Nov. 2, 2021) (granting bifurcation where "there are multiple claimants, and there are no *Odeco* value stipulations"); *cf. Odfjell Chem. Tankers AS v. Herrera*, 471 F. Supp. 3d 790, 794 (S.D. Tex. 2020) (finding bifurcation appropriate where "Claimants are not asking to proceed in state court while the limitation proceeding inches toward its conclusion"); *Archer Daniels Midland Co. v. M/T AMERICAN LIBERTY*, No. CV 19-10525, 2020 WL 1889123, at *4 (E.D. La. Apr. 16, 2020) (granting motion to bifurcate where "the movants do not ask to proceed in state court" and "have not provided the type of stipulations required by *Odeco*").

On the other hand, where there is only a *single claimant* who has entered the requisite stipulations, the Supreme Court has held that it is an abuse of discretion not

to dissolve the limitation injunction and allow the state court case to proceed. *Langnes v. Green*, 282 U.S. 531, 541-42 (1931); *see also In re Two "R"*, 943 F.2d at 578 ("Where the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding."). Petitioners make no attempt to resolve this discrepancy with Supreme Court precedent and Fifth Circuit guidance. Instead, it is apparent that bifurcation and resolving limitation issues first is only an option where the claimants have not entered stipulations and sought to return to state court.

Having found Ducker's stipulations adequate to protect Petitioners' rights under the Act, the Court has no choice but to dissolve the injunction and allow both cases to proceed simultaneously. Assuming Petitioners prefer to avoid simultaneous litigation, the better option may be to stay and administratively close *this* proceeding while the state court case moves forward. *Cf. In re Belle Pass Marine Transp. LLC*, No. CV 21-275, 2022 WL 2114630, at *3 (E.D. La. May 17, 2022) (granting motion to dissolve limitation injunction filed only two months before trial while staying and administratively closing federal case). If Ducker is ultimately not entitled to damages greater than $600,000, then the Court need not decide any further issues in this case.

## Conclusion

Accordingly, Ducker's motion to dissolve the injunction, ECF No. 16, is **GRANTED** and the limitation injunction entered on January 10, 2024, is hereby **DISSOLVED**. Petitioners' motion to bifurcate, ECF No. 18, is **DENIED** as moot.

It is further **ORDERED** that the parties shall meaningfully confer and by no later than July 8, 2024, the parties shall file a joint letter on the docket indicating whether they wish to proceed simultaneously alongside the state court case or if this proceeding should be stayed pending resolution of the underlying lawsuit. If the parties agree that this case should be stayed and administratively closed, they shall attach an agreed proposed order to the letter. If the parties fail to reach an agreement, Ducker may file an opposed motion within a reasonable time thereafter.

**IT IS SO ORDERED.**

Signed on June 26, 2024, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**